## BUNKER VS. RAND.

It is doubtful whether sec. 47, ch. 134, R. S. (which requires that at an execution sale of real estate consisting of several known lots, tracts or parcels, they shall be separately exposed for sale), applies to lands lying in one body and which have been for many years used and occupied as one farm, although embracing several different government subdivisions, and held under different chains of title.

An execution sale of land in disregard of the law which requires it to be offered in separate parcels, is not *void*, but only *voidable* at the instance of the party aggrieved.

The complaint in ejectment alleged "that, on the 19th of September, 1859, and thenceforth till the 9th of April, 1860, the defendant was lawfully seized as of an estate of inheritance in fee simple, and in possession" of the premises in suit; that on the first named day a certain judgment was rendered against said defendant, and on the second named day.the premises were sold on execution

to plaintiff, &c. The answer denies any knowledge or information sufficient to form a belief as to each and every allegation of the complaint, except that "defendant has ueen in possession of said premises for a long time, and is now in possession thereof." *Quære*, whether this is not an admission of title and posses· sion in the defendant as alleged in the complaint.

If an execution defendant is in possession of lands at the time of the levy, this is sufficient *prima facie* evidence of title to authorize a sale on the execution.

Where the defendant in a judgment is in possession at the time of levy and sale, he can make no defense in ejectment against the purchaser at such sale; but such purchaser acquires a right at least to the debtor's possession.

A sale of land on execution *held* not to be void on the ground that the command of the writ to the officer was, "that you satisfy said judgment by levy and sale according to law, out of the personal property of [the execution defendant] *in your county;* or, if sufficient personal property cannot be found, then out of the real property" &c.

Where a judgment as upon failure to answer was entered on the first day of a term of the court, and signed by the clerk, it must be presumed that it was entered while the court was in session, and that due proof was made of the non-appearance of the defendant, though such proof does not appear of record.

APPEAL from the Circuit Court for *Walworth* County.

Ejectment, for one hundred and forty acres of land in said county. It appeared from plaintiff's evidence that 120 acres of said land, being three quarters of the southwest quarter of a section, was entered and purchased of the United States, in 1841, by one Gibbs, and the other twenty acres were entered in 1839 by one Clark; and that a tax deed of the tract first mentioned was executed to one Barker in 1843, and recorded in the same year. The granting part of the deed is in these words: "In the name of the Territory of Wisconsin, I, Hollis Latham, clerk of the board of county supervisors of the county aforesaid, * * * do grant, bargain," &c. &c. The title of Barker, by mesne conveyances, vested in the defendant in 1853. In 1859, one Bemis recovered a judgment against said defendant in said court for $194.72, entered September 19th of that year, and signed by the clerk. This judgment recites that the summons, with a copy of the complaint in that action, had been duly served on the defendant, on the 28th of July, 1859, and that no copy of an answer or demurrer to the complaint had been served on plaintiff's attorney, &c. ·The judg-

ment roll did not contain any affidavit of the non-appearance of the defendant, or that no copy of an answer or demurrer had been served. The plaintiff also read in evidence the execution issued on said judgment, with proof of publication of notice of sale, and the return of the sheriff indorsed on the execution, showing a levy upon the defendant's interest in the premises here in controversy, and a sale of the same for $219.44 to the plaintiff *Bunker.* ·The command of the writ to the sheriff was, " that you satisfy said judgment by levy and sale according to law, out of the personal property of the said *Rand in your county ;* or if sufficient personal property cannot be found, then out of the real property," &c. The plaintiff also offered in evidence the sheriff's certificate of said sale ; to which defendant objected because it did not state that the several parcels of land therein described were first offered separately. The objection was sustained. The plaintiff then called as a witness the person who made said sale as deputy sheriff, and offered to prove by him that " he had repeatedly offered said lands for sale in separate parcels of forty acres each, but could get no bidders, for the reason that the same were largely encumbered," &c. This evidence was ruled out. The witness then testified that he had known the lands for nineteen years; that they lie in one body, and have been used and occupied together as one farm ever since he knew them. The sheriff's deed executed upon said sale was also offered in evidence, but was ruled out for the same reason as the certificate. The plaintiff offered to prove " the length of time defendant had been in possession of· the land prior to the date of said sheriff's deed;" but this evidence was also rejected.

The jury, under the instructions of the court, returned a verdict for the defendant; and judgment was rendered accordingly; from which the plaintiff appealed.

Such allegations of the complaint and answer as are important here, are stated in the opinion.

*N. S. Murphy,* for appellant, contended that sec. 47, ch. 134,

R. S., which provides that at a sale on execution of real estate " consisting of several known tracts" &c., they shall be offered separately, does not apply to this case. *Neilson v. Neilson*, 5 Barb., 565; 6 Johns. Ch., 411. Even if the land had consisted in fact of two or more parcels, the sheriff could not take notice of it unless proven to him by the production of a map or plat. 1 Johns: Ch., 502. 2. The statute is only directory, and a sale made in disregard of it would not be void, but only voidable, by an application in the original suit, made within a reasonable time. *Neilson v. Neilson*, 5 Barb., 565; *Cunningham v. Cassidy*, 17 N. Y., 276; *Mohawk Bank v. Atwater*, 2 Paige, 54; *Canfield v. Westcott*, 5 Cow., 270; *Jackson v. Bartlett*, 8 Johns., 361; *Jackson v. Rosevelt*, 13 id., 97; 1 Cow., 622, 711, 735; 3 Sandf., 323; 19 Barb., 283; *Kissock v. Grant*, 34 id., 144. 3. The validity of the sale was not dependent upon the kind of certificate executed by the sheriff, or whether any was executed. *Jackson v. Young*, 5 Cow., 269; *Bissell v. Payn*, 20 Johns., 3; *Evertson v. Sawyer*, 2 Wend., 507; *Jackson v. Sternbergh*, 1 Johns. Cases, 153; *Wheaton v. Sexton*, 4 Wheat., 503; Cow. & H.'s Notes, 1094. 4. If no proof of the non-appearance of the defendant had ever been made in the case of *Bemis v. Rand*, the defect was not jurisdictional; but it will be presumed that such proof was duly made. *Bloom v. Burdick*, 1 Hill, 130; 17 Barb., 506; 18 N. Y., 86. The court had jurisdiction of the subject matter and of the person, and the judgment cannot be impeached collaterally. *Pollard v. Wegener*, 13 Wis., 569; *Rape v. Heaton*, 9 id., 328; *Manning v. McClurg*, 14 id., 354; *Boyd v. Wiel*, 11 id., 58.

*Edson Kellogg* and *E. Wakeley*, for respondent:

The court properly excluded the certificate and deed. 1. The plaintiff did not prove that *Rand* had either title or possession at the date of the rendition of the judgment, or of the sale on execution. The tax deed upon which Rand's title to the southwest quarter rested, was wholly void. It was the deed of the clerk of the board, and not of the territory. Ter. Stat.,

1839, p. 49, § 23 ; Laws of 1840, p. 85; Town Act of 1841, p. 45, § 21; *Edgerton v. Bird*, 6 Wis., 527. Again, no action could be based upon the tax deed (even if not void on its face), unless brought within three years from its execution, or perhaps from its recording. Laws of 1840, p. 40 ; R. S. 1849, ch. 15, sec. 123 ; *Edgerton v. Bird, supra; Sprecher v. Wakeley*, 11 Wis., 432. In this case there was no proof as to which party was in possession during the three years after the recording of the tax deed. Therefore in a suit by *Rand* or by his grantee, or by the sheriff's grantee, in which the plaintiff relies wholly on the tax title, he must fail. Again, there was no proof that defendant was in possession on the day of the rendition of the judgment, or of the sale. The offer of plaintiff to show " the length of time the defendant had been in possession," was too indefinite; it did not show whether the fact was material. Without title or possession in the execution defendant at the time of the sale, the purchaser acquired nothing. *Thomas v. Turvey*, 1 Harr. & Gill, 438 ; *Cooper v. Galbraith*, 3 Wash. C. C., 546 ; *Arnold v. Gorr*, 1 Rawle, 223 ; *Jackson v. Graham*, 3 Caines, 188 ; *Young v. Algeo*, 3 Watts, 223 ; *Snavely v. Wagner*, 3 Barr, 275 ; *Colvin v. Baker*, 2 Barb. (S. C.), 206 ; *Bigelow v. Finch*, 11 id., 498 ; *Culbertson v. Martin*, 2 Yeates, 443 ; *Cook v. Webb*, 18 Ala., 810. 2. The judgment was signed and entered by the clerk without application to the court, on the ground that no answer or demurrer had been served. No proof was given that no answer had been served, as required by sec. 27, chap. 132, R. S. The judgment was therefore void for want of jurisdiction. *Miller v. Brinkerhoff*, 4 Denio, 118; *Matter of Faulkner*, 4 Hill, 598; *Sheldon v. Wright*, 1 Seld., 511 ; *Conrad v. McGee*, 9 Yerg., 428. 3. The execution was invalid. It required the officer to satisfy the judgment out of personal property *in his (the officer's) county*. There is no such limitation in the statute. Sec. 8, chap. 134, R. S. 4. The land was not sold in parcels. Sec. 47, chap. 134, R. S. This is a substantial right of which the debtor

cannot be deprived. Sec. 54 provides that he may redeem any distinct portion that may have been separately sold. The premises were on different sections, and comprised four government subdivisions, and the chain of title was different. The sale was void. *Vilas v. Reynolds*, 6 Wis., 230; *Tiernan v. Wilson*, 6 Johns. Ch., 412; *Ballard v. Anderson*, 18 Texas, 385; *Rowley v. Brown*, 1 Binney, 61; *Jackson v. Newton*, 18 Johns., 355, 362; *Morton v. Edwin*, 19 Vt., 77; *Sleeper v. Trustees*, id., 451; *Bradley v. Bassett*, 2 Cush., 417; *Boyd v. Page*, 30 Me., 460; *Sherry v. Nick of the Woods*, 1 Cart., 575; *Doe ex dem. Vail v. Craft*, 2 id., 359; *Harriman v. Cummings*, 45 Me., 351; *Avery v. Bowman*, 39 N. H., 393.

*By the Court*, COLE, J.    There is certainly much force in the position that the statute which requires that lots or parcels of land sold upon execution shall be separately exposed for sale, had no application to the sale made in the case of *Bemis v. Rand*.    It appears that the lands sold on the execution in that case lay in one body, and had been used and occupied as a farm for many years.    And as a general rule it may be far more advantageous for the debtor to have property thus situated sold in one body rather than divide it up into parcels. However this may be, still it is very clear that the sale was not void because the sheriff neglected to comply with the law requiring the land to be sold in parcels, but only voidable at the instance of the party aggrieved.    *Cunningham v. Cassidy*, 17 N. Y., 276.    If the property was capable of being sold in lots or parcels, and the judgment debtor was prejudiced by the departure of the sheriff from the requirements of the statute, his remedy was to apply within a reasonable time and have the sale set aside on that ground.    It is proper to add that it was proposed to show by the officer who made the sale, that he repeatedly offered the lands in separate parcels of forty acres, but could get no bidders, because the whole farm was largely encumbered by judgments and mortgages, and there-

fore he was compelled to sell the whole farm together.   This evidence was ruled out, but upon what ground is not very obvious, nor is it essential to inquire at this time.  It is sufficient to say that the sale, as made, worked no fraud or wrong to the judgment debtor, and least of all was it void.

It was also objected that the plaintiff did not show either title or possession of the land sold in the defendant, upon which the execution sale could operate.   The allegation in the complaint is, in substance, that the defendant was, on the day of the rendition of the judgment in the Bemis case, lawfully seized as of an estate of inheritance in fee simple and in possession of the lands sold.   The defendant, in his answer, denies any knowledge or information sufficient to form a belief as to each and every allegation of the complaint, except that he has been in possession for a long time and is now in possession. It is very questionable whether this answer controverts the facts of title and possession in the defendant on the 19th of September, 1859, and whether it does not fully admit those facts.    But further than this, the plaintiff offered to prove the length of time the defendant had been in possession of the land prior to the date of the sheriff's deed, but this evidence was objected to and ruled out as incompetent.    If there was any doubt upon the point whether the answer fairly admitted the fact that the defendant was in possession of the land sold at the time of the rendition of the judgment in the Bemis case, it was surely competent to establish that fact by proof on the trial.   The soundness of this view is too plain to require any argument to sustain it.   If the defendant was in possession of the land sold at the time the judgment was rendered, as well as at the time of sale, this was sufficient *prima facie* evidence of title to authorize the creditor to sell on execution.   And the cases cited by the respondent's counsel are full to the point, that where the defendant in a judgment is in possesssion at the time of levy and sale, he can make no defense against the purchaser at the sheriff's sale, but such purchaser acquires a

right at least to the possession of the debtor. *Locke et al. v. Coleman*, 4 Monroe, 315; *McConnell v. Brown &c.*, 5 id., 478; and *Addison v. Crow*, 5 Dana, 271, are to the same effect, and we suppose there is no doubt about the soundness of this principle of law. We are therefore relieved from the necessity of considering the validity of the tax deed made and executed to Barker in 1843; for as between these parties, when it appears that the defendant was in possession at the time of the rendition of the judgment and sale, this is sufficient evidence of title *prima facie* to warrant a recovery in this action.

It is argued that the judgment in the case of *Bemis v. Rand* was void, because it was entered by the clerk without application to the court, and there is no proof in the judgment roll of the non-appearance of the defendant. We know not what there is in the record which authorizes the assumption that the judgment was entered by the clerk without the action of the court. The fall term of the circuit court for Walworth county commenced by law (chap. 84, Laws of 1858; R. S., p. 645) on the third Monday of September, which would be the 19th day of the month in 1859, the day the judgment in this case was entered. This being the case, the presumption is, that the judgment was entered while the court was in session, and that due proof was made of the non-appearance of the defendant.

Some objections were taken to the form of the execution and sheriff's certificates of sale, but we do not think them of sufficient importance to require special attention.

The judgment of the circuit court is reversed, and a new trial ordered.