## McKINLEY VS. WEBER.

TRESPASS. (1) *Tenant in common not liable for, when.*
ADVERSE POSSESSION. (2) *When question of, not in case.*
EVIDENCE. (3) *Of title by tax deed immaterial, when other title shown.* (4) *Sheriff's deed* prima facie, *of title.*
JUDGMENT. (5) *Presumed to be entered in term, when.* (6) *Valid, though not noted in minute book of term.*

1. In trespass for breaking and entering upon plaintiff's close, and cutting and hauling away grass therefrom, defendant alleged, and offered evidence tending to prove, that the land belonged to himself and a third person as tenants in common. *Held,* that if the fact were so found, defendant would be liable to account to his cotenant for so much of the grass cut and carried away as belonged to the latter, and plaintiff could not recover anything in this action, although actually in possession of the land when defendant's entry was made.

2. The alleged trespass having been committed less than ten years after the execution of the sheriff's deed to defendant's grantor, under which defendant claims title in himself and such grantor as cotenants, the question of adverse possession by the plaintiff is not in the case.

3. If defendant showed title in himself and his grantor, at the time of the alleged trespass, under such sheriff's deed, any error in admitting proof of title in him by a tax deed was immaterial.

4. The production of the sheriff's deed, in due form, and of a conveyance from the grantee therein named to defendant, was *prima facie* proof of a complete defense to this action. Laws of 1869, ch. 40 (Tay. Stats. 1610, § 123). If plaintiff claimed that the judgment under which the sheriff sold the land was invalid, the burden of proof was upon him.

5. The record of an action on a promissory note showed due service of summons and complaint; an affidavit of no answer, duly made by

the plaintiff's attorney; an assessment or statement by the clerk of the amount due on the note; and a judgment in the usual form for such amount, entered the same day and signed by the clerk, with a direction at the foot thereof, dated the same day and signed by the judge of the court, directing the issue of execution on the judgment; and such last mentioned entries were made on the last day of the term. *Held,* that the judgment must be *presumed* to be that of *the court.* *Bunker v. Rand,* 19 Wis., 253.

6. It is not essential to the validity of such a judgment that it should be noted on the clerk's minute book of the term. The absence of such an entry, especially where the judge, on a day in term, signed an order awarding execution on the judgment, is at most an irregularity, which does not destroy the presumption that the judgment was rendered by the court.

APPEAL from the Circuit Court for *Iowa* County.

Action of trespass. The complaint charges that the defendant broke and entered the premises of the plaintiff, therein described, situated in the county of Iowa, and cut and hauled away the grass there growing, to the damage of the plaintiff, etc. The answer avers that at the date of the alleged trespass the defendant was the owner and entitled to the possession of an undivided one-half of the premises; and that the heirs of one Shewell Lorrain, deceased, were then the owners and entitled to the possession of the other undivided half thereof. It is not denied that the defendant took grass from the premises about July 4th, 1870 (the time alleged in the complaint), without the consent of the plaintiff. The value thereof was proved on the trial. The material questions litigated on the trial in the circuit court, and the only questions presented by the appeal, relate to the title of the parties to the premises.

The plaintiff gave in evidence a certificate, in the usual form, of the entry of the land described in the complaint by himself and one Brady, at the proper land office of the United States, in 1849; and a conveyance executed by Brady to him in 1855, of his (Brady's) interest in the land.

To establish title in himself, the defendant read in evidence a conveyance of the same land, executed in 1861 by the sheriff

of Iowa county to John and Shewell Lorrain, which convey-
ance purports to have been executed pursuant to a sale of the
land on an execution issued upon a judgment theretofore recov-
ered in the circuit court for Iowa county by one Francis Ham-
bley against the plaintiff, and is in the usual form of sheriff's
deeds upon execution sales. The defendant also read in evi-
dence a deed of an undivided half of such land, executed in
1869 by John Lorrain and wife to him; and a tax deed from
Iowa county to John and Shewell Lorrain, executed in 1861
on a sale of the land for the taxes of 1858. Due objections
were made by the plaintiff to the admission of these deeds.

The plaintiff then introduced in evidence the record and
judgment roll in the case of *Francis Hambley v. James McKin-
ley*, which consists of : 1. A summons containing the notice ap-
propriate to an action arising on contract for the payment of
money only. 2. A complaint, in the usual form, on a promis-
sory note given by McKinley to Hambley. 3. Due proof of
personal service of such summons and complaint on McKinley,
September 11th, 1858. 4. The affidavit of the attorney for
Hambley that no answer had been served, made October 2,
1858. 5. An assessment or statement, by the clerk, of the
amount due on the note, also dated October 2, 1858. 6.
Judgment in the usual form against McKinley for the amount
so reported due on the note, dated the same day, and signed
by the clerk, at the foot of which is the following : "Let exe-
cution issue on the above judgment for damages and costs.
Dated this second day of October, 1858. M. M. COTHREN,
Circuit Judge." 7. An execution issued on such judgment
December 13, 1858. (The execution is not preserved in the
bill of exceptions). The note upon which the action was
brought, is returned with the papers in the case.

The plaintiff then proved that the September term, 1858, of
the circuit court for Iowa county terminated on the 2d day of
October in that year, and that the next term of that court be-
gan January 10, 1859.

The sheriff's certificate of sale was then introduced (but by which party does not appear) ; and it shows a sale of the premises to Hambley, February 19, 1859, by virtue of the execution issued December 13th. The certificate was duly issued to Hambley, and, by an indorsement thereon, dated February 4, 1860, was by him duly assigned to Lorrain & Co. of Galena, Ill., the grantees in the·sheriff's deed.

The plaintiff offered testimony to prove that from a time previous to 1861, until the commencement of this action, a period of more than ten years, he was continuously in the actual and undisputed possession of the land in question; but the court rejected the testimony.

The court refused to charge the jury as requested by the plaintiff : 1. That if the plaintiff was in actual possession of the premises, and defendant entered thereon without his consent for the purpose of dispossessing him, he is entitled to a verdict, at least for nominal damages. 2. That the execution was improperly issued, and is void. 3. That the plaintiff is entitled to recover the value of the hay taken from the premises by the defendant. 4. If the foregoing instructions should be refused, that, the defendant being the owner of but an undivided half of the land, such ownership is only a defense as to one-half of the hay taken by him therefrom.

The court held that the defendant was a tenant in common of the land with Shewell Lorrain or his heirs, each owning an undivided half thereof, at the time the alleged trespass was committed; that the plaintiff then had neither the title thereto nor right to the possession thereof, as against such owners; that the defendant was entitled to the exclusive possession of the land, and to the produce thereof, against all persons except his cotenant; and hence, that the plaintiff could not recover in the action. By direction of the court the jury found for the defendant. A motion for a new trial was denied ; and judgment was entered for the defendant pursuant to the verdict. From this judgment the plaintiff appealed.

*Cothren & Lanyon*, for appellant, argued : 1. The judgment on which the sheriff's deed was predicated is void, because entered in term time without the order or adjudication of the court, and no proof of claim was made before the clerk. *Wheeler v. Scott*, 3 Wis., 362 ; *Blaikie v. Griswold*, 10 id., 293 ; *Holmes v. Lewis*, 2 id., 83.    2. The execution was issued in direct violation of the statute, and is void, as a general or special term of the court, which would be authorized, for cause shown, to set aside the judgment, had not expired before issue of the same.    R. S. 1858, ch. 132, sec. 27.    3. The order of the court to "let execution issue" was void for want of power.    4. A sheriff's deed does not constitute a case where an entry " is given by law ;" and defendant could not enter under it, and it was not admissible to show a right to enter forcibly and oust plaintiff of possession.    The court below erred, among other things, in instructing the jury in effect that, though the defendant claimed only an undivided one-half of the premises, and there was no one in the case questioning the plaintiff's right to the other half, yet the plaintiff was a trespasser.

*W. W. Likens*, for respondent, to the point that the judgment is to be deemed the judgment of the court, cited, *Bunker v. Rand*, 19 Wis., 253 ; *Wells v. Morton*, 10 id., 468 ; *Gorman v. Ball*, 18 id., 24 ; *Remington v. Cummings*, 5 id., 138 ; *Moyer v. Cook*, 12 id., 335 ; *Wadsworth v. Willard*, 22 id., 240.

LYON, J.    If the sheriff's deed conveyed a good title to the land described therein, the defendant, at the time the grass was taken therefrom, was the owner of an undivided half of the land by virtue of the deed thereof executed by John Lorrain to him, and was tenant in common of the whole premises with Shewell Lorrain, or (he being dead) with his heirs.

If the land at that time belonged to the defendant and Shewell Lorrain, or his heirs, as tenants in common, by virtue of such conveyances, it necessarily follows :    1. That the question of adverse possession under the statute of limitations is not in-

volved in the case, because the alleged trespass was committed within less than ten years after the execution of the sheriff's deed. 2. That the defendant is liable to account to his cotenant, in some form of action, for the interest of such cotenant in the grass so taken ; and consequently, that the plaintiff cannot maintain an action therefor. See R. S., ch. 89, sec. 38 ; *Hannan v. Osborn,* 4 Paige, 336; *Hungerford v. Redford,* 29 Wis., 345. 3. That the tax deed, and the rulings of the court in respect to it, are of no importance in the case, the other conveyances constituting a perfect defense to the action.

Hence, the case depends entirely upon the sheriff's deed. If that is valid, the court gave the jury the proper direction, and the verdict and judgment should not be disturbed. If invalid, the defense fails (unless sustained by the tax deed), and the judgment should be reversed.

When the sheriff's deed and the conveyance from John Lorrain to the defendant were put in evidence, the defendant thereby established a perfect defense, *prima facie,* to the action. Laws of 1869, ch. 40 (Tay. Stats., 1610, § 123). To rebut such defense, the record in the case of *Hambley v. McKinley* was introduced on behalf of the plaintiff; and his counsel claims that it shows that the judgment in that action is void, and if not void, that the execution thereon was issued in violation of the statute. The principal objection to the validity of the judgment is, that it was entered in term time by the clerk without any order or adjudication by the court. This objection is fully answered and overruled in *Bunker v. Rand,* 19 Wis., 253, where it was held that a judgment substantially in the same form, entered under very similar circumstances, must be presumed to be the judgment of the court. In this case the plaintiff introduced " the records of the minutes of the court," that is, of the circuit court for Iowa county, for the September term, 1858, and the same failed to show that an action had been commenced on a judgment granted against James McKinley, the present plaintiff. It is supposed that the

evidence was the minute-book of the clerk. The fact that the court had rendered judgment in a given case would ordinarily be there noted. But it is by no means essential to the validity of a judgment that it should be so noted. The absence of an entry, especially where the judge of the court, on a day in term, signed an order awarding execution on the judgment, is at most a mere irregularity, which does not destroy the presumption that the judgment was rendered by the court.

The objection that there was no proof of the service of summons, of the failure of the defendant to answer, and of the plaintiff's claim, has no foundation in fact; for the record contains such proofs. The record fails entirely to show any fraud in procuring that judgment. On the contrary, it shows affirmatively that it was obtained by regular course of judicial procedure.

The objection to the execution is predicated upon the assumption that the judgment was not rendered by the court, and is disposed of by what has already been said on that subject.

We conclude that the undisputed evidence established a perfect defense to this action, and that the learned circuit judge properly directed a verdict to be returned for the defendant.

*By the Court.* — Judgment affirmed.