IRWIN SWINNEY, Appellant, v. THE CHICAGO, ROCK ISLAND
& PACIFIC RAILWAY COMPANY.

**Railroads:** PRIVATE CROSSING: MANDAMUS. One owning land on
both sides of a railroad track may maintain mandamus to com-
pel the company to construct a suitable crossing without first
submitting the matter to the board of railroad commissioners
to determine the character of the crossing to be constructed,
or whether the one provided is adequate.

*Appeal from Davis District Court.*—HON. FRANK W. EICH-
ELBERGER, Judge.

SATURDAY, FEBRUARY 20, 1904.

ACTION by mandamus to compel the defendant company
to construct an undercrossing to connect the portions of plain-
tiff's premises which are separated by defendant's right of
way. On defendant's motion the petition of plaintiff was dis-
missed, and judgment was rendered for defendant, from
which plaintiff appeals.—*Reversed.*

*Rominger & Rominger* and *Payne & Sowers* for
appellant.

*Carroll Wright, John I. Dille* and *S. S. Carruthers* for
appellee.

McCLAIN, J.—It is provided by Code, section 2022,
that, "when any person owns land on both sides of any rail-
way, the corporation owning the same shall, when requested
so to do, make and keep in good repair   *   *   *   one cause-
way or other adequate means of crossing the same, at such
reasonable place as may be designated by the owner." Ac-
cording to the allegations of the petition, plaintiff enjoyed
for some time after the construction of the road the benefit

of an undercrossing between the two portions of his farm
where the track was laid upon a trestle over a water course,
but prior to the bringing of this action the opening thus
used was filled by an embankment so as to leave only a cul-
vert for the water to pass through, which culvert is not suit-
able for and adequate as an undercrossing for plaintiff's use.
It is further alleged that the defendant has constructed for
plaintiff's use a grade crossing which is unsuitable and in-
adequate for the purpose, and that, owing to the nature of the
surface of the ground, and the fact that defendant's road
crosses plaintiff's farm on an embankment much higher than
the natural surface of the ground, no grade crossing can be
furnished which is adequate and suitable for plaintiff's pur-
poses, and that defendant has refused to construct for plain-
tiff an undercrossing either at the place where he was form-
erly in the habit of crossing under the trestlework, or at any
other place which will be reasonably convenient for plain-
tiff. Defendant's motion to dismiss plaintiff's petition was
sustained on the ground that plaintiff's remedy was not by
action of mandamus, but by application to the board of rail-
road commissioners to determine whether the grade crossing
provided by defendant is adequate, and, if not, whether an
undercrossing is necessary. In this condition of the case, the
question for us to determine is whether plaintiff had a right
to maintain his action of mandamus, as an original proceed-
ing, or whether, on the other hand, it was his duty to submit
his case first to the railroad commissioners, and secure from
them an order in the premises, and rely on the remedies pro-
vided by statute for the enforcing of such order, rather than
proceed at once by action in the courts to secure an adjudica-
tion as to his rights.

Prior to the enactment of statutory provisions for the
creation of a board of railroad commissioners, it was held
by this court that a private landowner might maintain an ac-
tion of mandamus to compel the railroad company to comply
with the requirements of the statutory provisions relating to
private crossings. *Boggs v. Chicago, B. & Q. R. Co.,* 54

Iowa, 435. It is contended in argument by counsel for the defendant that this case is not a direct adjudication on the question, but that the right to maintain such an action was assumed in that case to have been conceded by the railroad company. A reading of the entire opinion does not support this contention. The court directly passed upon the question whether, on the facts, plaintiff in that case was entitled to an open crossing; and, having found that it was the duty of the railroad company to maintain such crossing, it enforced that duty in that action, as against the contention of the railroad company that mandamus was not the proper action in which to secure the remedy sought. This conclusion has been generally accepted. *State ex rel. v. Chicago, M. & N. R. Co.,* 79 Wis. 259 (48 N. W. Rep. 243, 12 L. R. A. 180), and notes to that case in 12 L. R. A. 180; High's Extraordinary Legal Remedies, section 320; 2 Spelling's Injunctions and Other Extraordinary Remedies, section 1599.

he sole question which we need to consider therefore is whether by subsequent legislation some other procedure in such cases has been substituted, or some condition has been imposed that the landowner shall first resort to an application to the board of railroad commissioners. The powers of the railroad commissioners are specified by Code, sections 2111-2120, and the only provisions which we find in those sections bearing upon the question are that the board "shall investigate any alleged neglect or violation of the laws of the state by any railroad corporation" (section 2112); that "when, in the judgment of the board, any railway corporation fails in any respect to comply with * * * the laws of the state, * * * the board shall serve notice upon such corporation, in the manner provided for the service of original notice in a civil action, * * * of the improvements and changes which it finds to be proper" (section 2113); and that "the district court of this state shall have jurisdiction to enforce, by proper decrees, injunctions and orders, the rulings, orders and regulations affecting public rights, made or to be made by the board, such as are now, or may

hereafter be, authorized to be made by them for the future direction and observance of railroads in this state. The proceedings therefor shall be by equitable action in the name of the state of Iowa, and shall be instituted by the Attorney-General, whenever advised by the board that any railway corporation * * * is violating and refusing to comply with any rule, order or regulation made by the board. *  * * If the court shall find that such rule, regulation or order is reasonable and just, and that in refusing compliance therewith said railway company is failing and omitting the performance of any public duty or obligation, the court shall decree a mandatory and perpetual injunction, compelling obedience to and compliance with such rule, order or regulation by said railroad company, * * * and may grant such other relief as may be deemed just and proper." Section 2119. It is further enacted that the statutory provisions shall not be construed to estop or hinder any person "from bringing action against any railway company for any violation of the laws of the state for the government of railroads." Section 2118. In *State v. Mason City & F. D. R. Co.,* 85 Iowa, 516, we held that failure of a railroad company to comply with the law as to private crossings was a matter as to which the board of railroad commissioners might make an order which could be enforced by an equitable action in the district court, as contemplated by statutory provisions substantially similar to those above quoted; but it was not held in the case that the remedy of the property owner by original action in the courts was taken away, nor that application to the board of commissioners was a condition precedent to maintaining such action, nor can any such conclusion be properly reached, in view of the language of the statute. No reference whatever is made to private crossings, nor is there any provision for complaints to the commissioners with regard thereto. It is well settled that, even where a statutory remedy is provided for, it is not to be construed as exclusive of a previously existing common-law remedy, unless the language of the statute requires such construction. See notes in

13 L. R. A. 92.   Here there is not only no such requirement, but it is only by inference that the court has reached the conclusion that a statutory remedy, by application to the railroad commissioners in such cases, is authorized.   Counsel for defendant argue persuasively that the remedy by application to the commissioners would be much better suited to the nature of the controversy, which must involve not only the convenience of the property owner, but also the safety of persons and property transported by rail, than the remedy by proceedings in the court; but this argument, forcible as it is, should be addressed to the Legislature.   The lawmakers have not seen fit to put any such provision in the statute, and we do not feel at liberty to do so by forced construction.

Our conclusion is not based on any contention that the plaintiff in this case is necessarily entitled either to the undercrossing at the place where he was formerly accustomed to pass under the trestle before the embankment was constructed, or an undercrossing at any point, or that the grade crossing provided is not adequate.   These matters must be determined in the lower court on the evidence which may be introduced, and in view of the entire situation as disclosed.   See *Schrimper v. Chicago, M. & St. P. R. R. Co.*, 115 Iowa, 35, and cases there referred to.

The judgment of the lower court, based on its ruling dismissing plaintiff's petition, is REVERSED.