Bill L. PETERS, Individually, and
Peters Construction Company,
Appellants,

v.

BURLINGTON NORTHERN RAILROAD
COMPANY, Appellee.

No. 91–1025.

Supreme Court of Iowa.

Nov. 25, 1992.

Donald G. Beattie, Ed Skinner of Skinner, Beattie & Wilson, P.C., Altoona, for appellants.

Paul D. Lundberg of Shull, Cosgrove, Hellige, Du Bray & Lundberg, Sioux City, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

Plaintiffs sought compensatory and punitive damages for defendant railroad's removal of private roadway and crossing which deprived them access to their gravel excavation business. The district court granted the defendant a directed verdict. Plaintiffs appealed, asserting that Iowa Code section 327G.11 (1987) requires a railroad to install and maintain an adequate roadway when a person's land is bisected by a railway. Plaintiffs urge that the railroad was negligent in failing to install and maintain an adequate roadway and in refusing to allow the plaintiffs to use the roadway for purposes of extracting and removing gravel from their land. We affirm the district court's decision.

I. *Background.*

In April 1988, Bill L. Peters purchased 160 acres of farmland. The property was

bisected by Burlington Northern Railroad Company's (Burlington Northern) north-south tracks and 100–foot right-of-way. There was a roadway across the railway. Peters leased the property to Peters Construction Company in exchange for royalties on each ton of gravel sold from the deposits under the eastern twenty acres. Peters owned the entire corporate stock of the construction company and he was its president and board chairman. For purposes of this appeal, we will refer to both Peters and the construction company as Peters.

Peters began stripping the land in preparation of mining the sand and gravel from the eastern twenty acres. Peters also graveled a roadway and built up the railway crossing so its trucks could start on level ground after they stopped at the stop signs adjacent to Burlington Northern's tracks. In early May 1988, Burlington Northern told Peters to apply for a permit to use the crossing. Peters applied for the permit. Before the permit was issued, however, Peters began moving large amounts of heavy equipment and gravel across the crossing.

On August 5, the railroad removed and barricaded the crossing. The next day, Peters and Burlington Northern reached an agreement to reinstall the crossing for approximately thirty days to permit Peters to remove sixty thousand tons of gravel. The agreement required Peters to pay for a flagger at the crossing. The roadway was reopened on August 9. After the thirty days, Peters removed all the equipment as agreed. However, a stockpile of gravel was left behind. Peters also paid approximately $3200 to Burlington Northern for flagging costs.

On February 27, 1989, Peters filed suit against Burlington Northern for damages resulting from the closure of the crossing

from August 5 to August 8, 1988. Plaintiffs asserted claims for trespass, conversion and negligence. Burlington Northern filed a counterclaim for flagging costs and to quiet title to the railway and right-of-way. Prior to trial, the district court granted Burlington Northern's motion for summary judgment on the quiet title action. At trial Peters offered no proof on the trespass and conversion claims. At the conclusion of all the evidence, the district court sustained Burlington Northern's motion for directed verdict on the negligence claim. The court then submitted Burlington Northern's counterclaim for recovery of flagging costs to the jury. The jury returned a verdict for Peters. The court entered judgment against Burlington Northern upon the jury's verdict and dismissed Peters' petition. Peters appealed.

This is a law action. Our review of the trial court's disposition of this action is for correction of errors at law. Iowa R.App. P. 4.

## II. *Discussion.*

■ The heart of this case is whether Iowa Code section 327G.11 (1987)[1] requires Burlington Northern to construct and maintain a private crossing to Peters' land for the purpose of gravel mining. Section 327G.11 states:

> When any person owns land on both sides of any railway, or when a railway runs parallel with a public highway thereby separating a farm from such highway, the corporation owning or operating such railway, on request of the owner of such land or farm, shall construct and maintain a safe and adequate farm crossing or roadway across such railway and right of way at such reasonable place as the owner of the land may designate.

1. Iowa Code § 327G.11 (1991) now provides:
   When a person owns *farm*land on both sides of a railway, or when a railway runs parallel with a public highway thereby separating a farm from such highway, the corporation owning or operating the railway, on request of the owner of the *farm*land, shall construct and maintain a safe and adequate

   farm crossing or roadway across the railway and right-of-way at such reasonable place as the owner of the *farm*land may designate. *A private farm crossing established or installed pursuant to this section shall be used solely for farming or agricultural purposes.*
   (Emphasis added.)

Peters urges the statute imposes a duty upon the railroad corporation to construct and maintain a roadway and crossing if a person owns land on both sides of any railway. Burlington Northern argues the statute imposes only a duty to construct and maintain a private farm crossing, not a crossing for nonfarm purposes.

Our construction and interpretation of section 327G.11 is guided by our decision in *Chicago, Milwaukee, St. Paul & Pacific Railroad v. Cross*, 212 Iowa 218, 234 N.W. 569 (1931). In *Cross*, the railroad sought to enjoin the landowner from using an opening under a trussel bridge as a way of ingress and egress to and from her property. The defendant owned land on both sides of the railway. The court found the property was not used as a farm or for farming purposes. The court held the statute only imposes a duty to construct and maintain a crossing used in connection with a farm. *Id.* at 226, 234 N.W. at 572. The statutory language is indicative of a legislative intent to provide a crossing for the use of land used as a farm. *Id.*

Peters attempts to distinguish *Cross* on its facts. In *Cross*, the railway cut off a useless one-twentieth of an acre within the city limits; whereas, Peters' land consists of twenty acres of valuable land located in the country. Peters argues it was the location, size, and value of the land that was determinative in *Cross*. We disagree.

*Cross* was decided on the land's use, not on its physical characteristics. The inquiry was simply whether the land was used for farming purposes. This question, answered in the negative, therefore, mandated under the language of the statute that the railroad was not under any duty to maintain a crossing.

Here, Peters claims the railroad is required to construct and maintain a roadway for their use in removing gravel from the twenty-acre tract. We find no decisions that interpret section 327G.11 or any of its predecessors to impose a duty on a railroad to provide a private crossing for nonfarm purposes. *See, e.g., O'Malley v. Chicago M. & St. P. R.R.*, 183 Iowa 749, 165 N.W. 1002 (1918) (plaintiff sought private cross-ing where railway crossed his *farm* ); *Boggs v. C.B. & Q.R. Co.*, 54 Iowa 435, 6 N.W. 744 (1880) (plaintiff was owner of 160 acres of *cultivated land* ); *Swinney v. Chicago, R.I. & Pac. R.R.*, 123 Iowa 219, 98 N.W. 635 (1904) (plaintiff had the benefit of an undercrossing between the two portions of his *farm* ). We conclude section 327G.11 does not require a railroad to construct and maintain a private crossing for nonfarming use.

■ Peters' claim of negligence is founded upon Burlington Northern's failure to construct and maintain a crossing and roadway across the railroad. Negligence is the breach of a legal duty or obligation. *Lewis v. State*, 256 N.W.2d 181, 188 (Iowa 1977). The existence of a duty is an essential element of a negligence action. *Shaw v. Soo Line R.R.*, 463 N.W.2d 51, 53 (Iowa 1990). Here, Burlington Northern did not have a duty to construct and maintain a crossing and roadway for nonfarm purposes. Therefore, where there is no duty on Burlington Northern to construct and maintain a crossing and roadway, Peters cannot maintain an action founded in negligence for Burlington Northern's failure to do so.

■ Our decision does not deprive Peters of access to the twenty-acre tract. Peters is entitled to an easement allowing access to the land. Section 327G.11 does not alter this right in any manner. It sets forth who is to bear the cost of constructing and maintaining a farm crossing.

### III. *Other Issues.*

■ On appeal Peters asked the court to determine whether Burlington Northern's 100–foot right-of-way is an easement that is terminable if the railroad right-of-way is vacated or abandoned. This issue was first raised by Peters' motion for summary judgment and adjudication of law points filed four days before trial. The court did not set the motion for hearing or rule upon it. Ordinarily, issues must be raised and decided by the trial court before they may be raised and decided on appeal. *Federal Land Bank of Omaha v. Stein-*

*lage,* 409 N.W.2d 173, 174 (Iowa 1987); *State Farm Mut. Auto. Ins. v. Pflibsen,* 350 N.W.2d 202, 206–07 (Iowa 1984). Therefore, we do not review the easement issue.

We have considered other issues raised on appeal and find no error. Accordingly, we affirm the decision of the district court.

AFFIRMED.