**In the Matter of PROPERTY SEIZED FROM: Calvin BROWN d/b/a Growth Unlimited Corp.**

**Calvin BROWN d/b/a Growth Unlimited Corp., Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 92–636.

Supreme Court of Iowa.

May 19, 1993.

David E. Richter and Brian F. Beattie, Council Bluffs, for appellant.

Bonnie J. Campbell, Atty. Gen., and Chris Odell, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and ANDREASEN, JJ.

PER CURIAM.

This case, involving the forfeiture of an allegedly illegal gambling device, presents two issues: (1) whether the appellant, as a distributor of the device, could legally possess it for lease or sale to a qualified licensed organization under Iowa Code section 99B.7 (1991); and (2) whether, if the answer to the preceding question is "no," appellant's possession is nonetheless legal "as a distributor for gambling devices for sale out of state."

The machine at issue is commonly called an "8–Liner." It draws its name from the display on its video terminal and the man-

ner in which a player can place bets. When activated by a deposit of money, the machine presents the player with a video grid similar to a "tic-tac-toe board." The three horizontal, three vertical, and two diagonal lines comprise the eight lines on which the player can wager up to four times, for a total of thirty-two bets at five cents each.

■ The machine does not qualify as a possessable amusement device because, contrary to the restrictions contained in section 99B.10, it contains both a clearing or "knock off" switch that releases the accumulated game credits, and also has a meter or other accounting device used to record the number of free games or credits awarded. An expert witness testified that these features are placed on the unit to facilitate its use as a gambling device rather than a permissible use to accumulate legally awarded free plays.

Appellant's first argument is based on the right of qualified licensed organizations within this state to possess, pursuant to Iowa Code section 99B.7, games of skill, games of chance, and raffles at a licensed location. No claim is made that the device at issue is a game of skill or a raffle. Consequently, if it is to be determined that it is a lawful device for licensed organizations, it must qualify as a game of chance. Games of chance are statutorily defined as follows:

"*Game of chance*" means a game whereby the result is determined by chance and the player in order to win aligns objects or balls in a prescribed pattern or order or makes certain color patterns appear and specifically includes but is not limited to the game defined as bingo. *Game of chance does not include a slot machine.*

Iowa Code § 99B.1(14) (1991) (emphasis added).

■ Appellant's effort to qualify this device as a "game of chance" consists of arguing that it is not a slot machine. The term "slot machine" is not defined in these regulatory statutes. We conclude, however, that this term embraces any coin-operated amusement device designed to facilitate

gambling. This interpretation is consistent with other limitations contained in section 99B.7. For example, section 99B.7(1)(d) prohibits the award of cash prizes in games other than bingo and raffles. Gambling payoffs by "the house" are the equivalent of cash prizes. It would thus be inconsistent with the statutory scheme to conclude that a machine that facilitates that practice is a device that may lawfully be held for distribution to licensed organizations under section 99A.10.

■ In considering the second point raised by appellant, *i.e.*, whether its possession is legal "as a distributor for gambling devices for sale out of state," we believe that the determination of that issue required a finding of fact by the district court concerning the type of distribution for which the device was held by the appellant. That finding of fact was never made. Consequently, we vacate the district court's order and remand the case to that court for resolution of this issue.

After resolving this issue of fact, the district court shall issue a new order finally disposing of the application for forfeiture. Costs on this appeal are divided equally between the parties. We do not retain jurisdiction.

**VACATED AND REMANDED.**