In the Matter of the ESTATE OF
John F. DAY, Deceased.

Sarah E. BIXLER and Mrs.
Carl Bixler, Appellants,

v.

Ann NIELSEN and Carol O'Neal,
Executors of the Estate of John
F. Day, Appellees.

No. 93–1018.

Court of Appeals of Iowa.

Aug. 4, 1994.

John R. Sandre and Richard O. McConville of Coppola, Sandre & McConville, P.C., Des Moines, and Jeffrey Millhollin, Corning, for appellants.

Ann M. Nielsen of Nielsen & Nielsen, P.C., Corning, for appellees.

Heard by HAYDEN, P.J., and HABHAB and CADY, JJ.

CADY, Judge.

This appeal requires us to examine the authority of a substitute executor to sell real estate in an estate proceeding, and the authority of the court to direct a public sale of real estate when presented with an application for approval of the terms of a private sale. We conclude the trial court was authorized to direct the manner of sale and affirm the decision of the trial court.

John F. Day died testate on April 8, 1993. His will was admitted to probate. It was simple and direct. It instructed his executor to convert all his property into cash and, after payment of debts and expenses, distribute the proceeds in four equal shares to Mabel Bixler, Ella Strait, Arthur Day, and Dean Day. Mabel and Ella were sisters. Arthur was a brother, and Dean was a nephew. The will named Byron B. Stanley executor, to serve without bond. Lastly, the will made the executor the "sole judge as to the time and manner" the property would be sold. The executor could elect between a public auction or private sale. He was also permitted to dispose of the property "as in his judgment" was in the "best interests" of the estate.

Byron Stanley was unable to serve as executor. Ann M. Nielsen, a Corning attorney, and Carol O'Neal, a grand niece, were subsequently appointed by the court as successor executors.

The estate included two tracts of farmland. One was eighty acres. It was valued at $22,000. The other was forty acres, valued at $11,000.

Sarah Bixler, the daughter of Mabel Bixler, made an offer to purchase the eighty-acre farm for $22,000. Contingent upon court approval, the executors accepted the offer. The executors then filed a petition for approval of the sale of the property to Sarah. Notice was sent to all interested parties.

No objections were made at the hearing on the petition and report of sale. The court received no formal evidence and made no record. However, one of the executors reported to the court that she had received higher offers to purchase the real estate. This was recited in the subsequent court order. The court determined it would be in the best interest of the estate to reject the sale and ordered the decedent's land sold at a public auction. The court denied Sarah's subsequent motion to reconsider, and Sarah and Mabel appealed.

The eighty-acre tract was then sold at public auction for $38,000, subject to court approval. The court entered an order approving the sale. Sarah and Mabel appealed from this order, which was subsequently consolidated with the earlier appeal.

Sarah and Mabel claim the court had no authority at the initial hearing to order the sale of the land by public auction when no objections were filed to the executors' application for sale of the property to Sarah. They claim the sole issue before the court was whether the land should be sold to Sarah. They also argue the court had no power to direct the manner of sale since the power was placed in the hands of the executor under the will, and further claim the court had no authority to consider statements made by the executor when no record was made.

## I.

■ A successor executor has all the rights, powers and duties of the designated executor except the successor may not exercise powers made personal to the designated fiduciary by the terms of the will. Iowa Code § 633.68 (1993). When the language of the will reveals the testator expected the named executor to exercise personal discretion or personal trust in carrying out a directive, the power conferred does not pass to the successor. *In re Jackson's Estate,* 217 Iowa 1046, 252 N.W. 775, 777 (1934); 34 C.J.S. *Executors and Administrators* § 1034

(1942). The power is deemed to rest in the named individual, not the office of executor. *Id.*

Generally, the power to sell real estate granted to the executor by a will is considered to be personal and outside the authority of a successor executor. 34 C.J.S. *Executors and Administrators* § 1034(c). However, when the will contains expressed directions for the executor to sell the real estate and distribute the proceeds as personal property, the relationship created is impersonal and the power passes to the successor executor. *In re Jackson's Estate,* 252 N.W. at 777. When specific directions are provided, the sale of the real estate is a nondiscretionary obligation and the will cannot be administered without the sale. *Id.*

In this case, the power to sell was nondiscretionary, but the terms and manner of disposition were largely personal and discretionary to the named executor, Byron Stanley. He was the "sole judge as to the time and manner" of the sale, and was permitted to choose public auction or private sale. He was also permitted to make "such disposition as in his judgment" was in the "best interests" of the estate. He had the discretion to seek court approval. We conclude the discretionary terms governing the sale did not pass to the successor executor. It was proper for the successor executors to seek approval from the court. The question then turns to whether the trial court had authority to order a sale by public auction when presented with the executor's report and request for approval of private sale.

When an executor with authority to sell real estate enters into a contract for sale which is subject to the approval of the court, the court may refuse to approve the contract on the grounds it is not advantageous to the estate. *In re Rude's Estate,* 233 Iowa 792, 10 N.W.2d 536, 539 (1943). Moreover, once a report of sale is submitted to the courts for approval, the court is permitted to reject the sale and enter such orders as it "may deem advisable." Iowa Code § 633.399. We believe this language allowed the trial court to direct a public sale.

We recognize the general principle restricting courts to those issues raised in the pleadings, notice of hearing, or those submitted with the consent of the parties. *See Henry Walker Park Ass'n v. Mathews,* 249 Iowa 1246, 91 N.W.2d 703, 710 (1958); *Defreitas v. Defreitas,* 398 So.2d 991, 992 (Fla.Dist.Ct.App.1981) (a trial court lacks jurisdiction to determine matters which are not the subject of appropriate pleadings and notice). *See also* 21 C.J.S. *Courts* § 64 (1990). The Bixlers accurately point out the executor's petition did not request the court to determine the form or terms of the sale in the event the contract was not approved. The executors only asked for the contract to be approved and for the sale to be finalized.

The objective sought by confining a court to the pleadings and evidence in a case is to prevent surprise to a party. *Jorge Constr. Co. v. Weigel Excavating & Grading Co.,* 343 N.W.2d 439, 442 (Iowa 1984). Due process implications loom when a court goes beyond the pleadings. In this case, however, Iowa Code section 633.399 provided the essential notice, and the application for approval of sale provided the necessary pleading. The statute gave notice to the parties and interested persons that the court was permitted to fashion "such orders as the court may deem advisable" in the event it was not satisfied the sale conformed to the law and was in the best interests of the estate. Iowa Code § 633.399 (1993). Judicial power granted by statute imports the authority to "fashion needed and appropriate remedies, reposing in courts the power to create, mold, and apply remedies once jurisdiction is invoked." 21 C.J.S. *Courts* § 64. This situation is similar to a general prayer for relief contained in a pleading. General prayers are liberally construed and allow the court to grant relief beyond what is specifically requested. *Jorge Constr.,* 343 N.W.2d at 441–42. It should come as no surprise to interested parties to a probate proceeding that the court may consider the public sale of real estate upon rejecting a private sale.

We believe when a probate statute defines the general scope of relief a court may grant when presented with a particular application, the court is not limited to a

specific claim for relief requested in the application but may consider all relief available by statute. The relief granted by the trial court in this case was within the fair scope of the statutory powers.

■ Finally, Sarah and Mabel contend the trial court abused its discretion in failing to make a record of the evidence considered in making its decision. In essence, they also contend this court cannot properly review the trial court decision in the absence of adequate record. However, Sarah and Mabel did not object to the unrecorded proceeding nor did they request the hearing be recorded.

■ Issues must be raised and decided in the trial court before they may be raised and decided on appeal. *Peters v. Burlington N. R.R. Co.*, 492 N.W.2d 399, 401 (Iowa 1992). We will not allow parties to remain silent regarding a possible error without giving the trial court the opportunity to rectify the complained of situation. *Miller v. Bonar*, 337 N.W.2d 523, 530 (Iowa 1983).

If a party finds the record insufficient, our Rules of Civil and Appellate Procedure set forth numerous avenues to alert the trial court to the problem and to rectify the situation. *See e.g.* Iowa R.Civ.P. 179(b), 241, and 252. Iowa R.App.P. 10(c) allows a party a final opportunity to recreate the record prior to appeal. The rule, in pertinent part, provides:

> [I]f no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection.... Thereupon the statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be included in the record on appeal.

We find our Rules of Civil and Appellate Procedure provide ample opportunity to create and recreate the record. Appellants failed to avail themselves of these opportunities and as such, waive this claim on appeal.

The trial court had the discretion to direct the sale by public auction and to approve the subsequent sale. We are unable to conclude the court abused its discretion.

**AFFIRMED.**