**H & Z VENDING, Petitioner–Appellant,**

v.

**IOWA DEPARTMENT OF INSPECTIONS AND APPEALS, Respondent–Appellee.**

No. 97–1660.

Court of Appeals of Iowa.

Feb. 24, 1999.

Larry Marcucci, Greg A. Naylor and Candace M. Dunley of Shearer, Templer & Pingel, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Andrew Anderson, Assistant Attorney General, for appellee.

Heard by SACKETT, C.J., HUITINK, J., and PETERSON, S.J.*

PETERSON, S.J.

The petitioner H & Z Vending appeals from the district court ruling on judicial review affirming the respondent's, Iowa Department of Inspections and Appeals, declaratory ruling that petitioner's video poker game "fraternal poker" is not a lawful game of chance under Iowa Code section 99B.7 (1995).

They contend the Iowa Department of Inspections and Appeals' ruling was contrary to law and the department abused its discretion in refusing to find that their game "fraternal poker" is a lawful game of chance, and that the district court erred in affirming their decision.

### Background and Proceedings

H & Z Vending is a business located in Omaha, Nebraska. They sell and distribute amusement devices and games of chance. They have developed a game called "fraternal poker." This is an electronic and mechanical game which simulates a five card poker game.

The game utilizes a color monitor through which images are displayed to the player. It is activated when a player deposits a one dollar bill of U.S. currency into the machine. The price to play this game will not exceed this amount.

* Senior judge assigned by order pursuant to Iowa Code § 602.9206 (1997).

The color monitor game lights upon activation and displays a game typically known as five card draw poker. The machine deals the top five cards from a fifty-two card deck that has been shuffled electronically. The player has the opportunity of discarding up to five cards. Depending upon the number of cards discarded by the player, the machine then electronically deals a sufficient number of additional cards to make up a second and final hand of five cards. It is this hand that will determine if the player has a winning poker hand and eligibility to be awarded tickets for redemption for merchandise prizes.

The company plans to sell or lease the machines to licensed qualified organizations on a flat fee or sell the machines to organizations which are or will be licensed under Iowa Code section 99B.7 (1995). They do not claim the game is in compliance with Iowa Code section 99B.10 (1995).

H & Z Vending filed a petition requesting a declaratory ruling before the Iowa Department of Inspections and Appeals. They requested that the department find that the game "fraternal poker" is a lawful game of chance that could be lawfully utilized by licensed organizations pursuant to section 99B.7 and that its use and activity does not contradict Iowa Code section 725.9.

The department held that the game of "fraternal poker" was not a game of chance under Iowa Code sections 99B.1(14) and 99B.7 (1995) as it met the definition of a slot machine which is specifically excluded from the definition of a game of chance under Iowa Code section 99B.1(14). Consequently they found it was an illegal gambling device under Iowa Code section 725.9 (1995).

H & Z Vending then filed a petition for judicial review of the department's action. They contend that the department ruling was untimely and in excess of statutory authority, in violation of the agency's rules and made on unlawful procedure, and the result of unreasonable and capricious agency action characterized by an abuse of discretion and erroneous application of Iowa law. The district court held that the department did not err in finding that "fraternal poker" was a slot machine and its decision was not contrary to law

and was not arbitrary or an abuse of discretion.

## Standard of Review

 Under the Iowa Administrative Procedure Act, when this court reviews the district court's decision on the validity of an agency action, we ask only whether the district court has correctly applied the law. *UNI–Faculty v. Iowa Public Employment Relations Bd.*, 545 N.W.2d 274, 277 (Iowa 1996). The district court is itself acting in an appellate capacity to correct errors of law by the agency. *Gaffney v. Department of Employment Serv.*, 540 N.W.2d 430, 433 (Iowa 1995). In our review of such actions by the district court, we merely apply the standards of section 17A.19(8) to the agency action to determine whether our conclusions are the same as those of the district court. *Norland v. Iowa Dep't of Job Serv.*, 412 N.W.2d 904, 908 (Iowa 1987). When the conclusions are the same we must affirm. *Id.*

 Because law issues are determined by the judiciary alone we owe an agency only limited deference in matters of law, including statutory interpretation. *Suluki v. Employment Appeal Bd.*, 503 N.W.2d 402, 404 (Iowa 1993). We are not free to interfere with the agency's findings of fact where there is conflict of evidence or disagreement as to the inferences to the evidence whether disputed or not. *UNI–United Faculty*, 545 N.W.2d at 277. We must ask not whether the evidence might support a different finding but whether the evidence supports the findings actually made. *Id.* Hence, an agency's findings are binding on appeal unless a contrary result is demanded as a matter of law. *Id.*

## Analysis

Iowa Code chapter 725 (1995) prohibits gambling and professional gambling devices. Iowa Code section 725.15 (1995) however, contains certain exceptions. The prohibition does not apply to a game, ticket, or device when lawfully possessed, used, conducted, or participated in pursuant to chapter 99B, 99E, or 99F. Iowa Code § 725.15 (1995). Iowa Code section 99B.7 allows games of skill, games of chance, and raffles to be conducted by qualified organizations. It is H & Z

Vending's contention that the game of "fraternal poker" qualifies under this section as a game of chance.

A game of chance is defined in Iowa Code section 99B.1(14) (1995) as "a game" whereby the result is determined by chance and the player in order to win aligns objects or balls in prescribed pattern or order or makes certain color patterns appear and specifically includes but is not limited to the game defined as bingo. Games of chance do not include a slot machine.

The term "slot machine" is not defined in the Code. However, the Iowa Administrative Code in section 481–104.1 (10A, 99B) defines "slot machine" as:

a mechanical, electronic, or video gambling device into which a player deposits coins, tokens, or currency and from which certain credits, tickets, tokens, or coins are paid out when a particular, random configuration of symbols appears on the reels, simulated reels, or screen of this device. The slot machine may have a lever, buttons or other means to activate or stop the play.

The Iowa Supreme Court has defined slot machine as "any coin-operated amusement device designed to facilitate gambling." *In re Property Seized from Brown*, 501 N.W.2d 472, 473 (Iowa 1993).

H & Z Vending contends that "fraternal poker" is not a slot machine under the definition in the Iowa Administrative Code because the player exercises a choice in determining to keep some cards or in turn to secure different cards. They claim player participation eliminates any possibility the configuration of symbols on the screen can be truly random.

The term "random" is defined as:

lacking a definite plan or purpose; being related to an element of a set, each of these elements have an equal probability of occurrence; random, hap-hazard, desultory and occurring by accident rather than by design.

*Webster's Collegiate Dictionary*, 4th edition (1985).

We do not believe that the players' ability to exchange some of the initial cards dealt to him for additional cards remaining in the deck removes the randomness of the selection. The initial five cards are randomly selected by the device and any additional cards requested by the player are also randomly selected from the balance of the cards remaining in the deck.

■ The definition of a slot machine that has been adopted by the Iowa Supreme Court in *Brown*, is much broader than that in the Iowa Administrative Code. "Fraternal poker" falls within that definition. It is a coin-operated amusement device designed to facilitate gambling. The fact that a dollar bill is used instead of a coin is of no legal significance. We conclude that fraternal poker is a slot machine under the definition in the Iowa Administrative Code and *Brown*.

H & Z Vending also contends that the matter should be reversed because the department was untimely under their own administrative rules in entering the declaratory judgment ruling. The Department of Inspection and Appeals also asks that this court specifically find that charitable and civic organizations such as churches, elementary schools, and local community clubs are not permitted the use of video poker machines under Iowa Code section 99B.7.

■ Issues must ordinarily be presented to and passed upon by the trial court before they can be raised and adjudicated on appeal. *Peters v. Burlington N. R.R. Co.*, 492 N.W.2d 399, 401–402 (Iowa 1992). The district court did not rule on these issues. When a trial court fails to rule on an issue that has been properly raised the party that raised the issue must file a motion with the court for ruling in order to preserve the issue for appeal. *State Farm Mut. Auto. Ins. v. Pflibsen*, 350 N.W.2d 202, 206 (Iowa 1984). Because the parties did not request a ruling from the court on these issues they are not properly before us for decision.

In conclusion, we find that the department and the trial court did not err in finding that the game of fraternal poker is a slot machine

and not a lawful game of chance authorized by chapter 99B of the Code of Iowa (1995) and consequently subject to the provisions of chapter 725 of the Code of Iowa (1995). The other issues raised by the parties were not ruled on by the trial court and consequently are not properly before us for decision.

**AFFIRMED.**