The FEDERAL LAND BANK OF
OMAHA, A Corporation,
Appellee,

v.

Nicholas J. STEINLAGE and Dorothy
A. Steinlage, Appellants,

The United States of America acting
Through the Farmers Home
Administration, Defendant.

No. 86–408.

Supreme Court of Iowa.

July 22, 1987.

Rehearing Denied Aug. 20, 1987.

Christopher F. O'Donohoe, New Hampton, for appellants.

Dale L. Putnam and Andrew F. Van Der Maaten of Strand, Anderson, Wilmarth & Putnam, Decorah, for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, WOLLE, LAVORATO, and NEUMAN, JJ.

REYNOLDSON, Chief Justice.

Plaintiff The Federal Land Bank of Omaha (Bank) brought this foreclosure action against defendants Nicholas J. and Dorothy A. Steinlage. Trial court granted summary judgment against the Steinlages and they appeal. The third defendant, Farmers Home Administration, has not appealed and consequently is not before us.

In the foreclosure action, the Bank's petition alleged Steinlages had defaulted on their promissory note, secured by a mortgage on 160 acres of land. The Steinlages' answer acknowledged the execution of the note and mortgage. They denied other allegations, including default in paying an installment, "for lack of information and belief." Steinlages did not plead any affirmative defense to the Bank's petition, and upon this appeal they acknowledge they failed to pay the semiannual loan installment as alleged.

The Bank filed a summary judgment motion that was fully supported by exhibits, supporting statements, and affidavit. On the date fixed for hearing the motion Steinlages filed a short resistance, alleging the Bank had failed "to comply with the applicable federal regulations concerning forbearance," that they had offered to convey the property to Farmers Home Administration, and that "[t]he variable interest rate charged by the ... Bank ... [was] unconscionable." No other filings supported these allegations. Nothing in this record indicates Steinlages appeared at the hearing on the motion, in person or by counsel, and it affirmatively appears they offered no evidence in support of their resistance.

Trial court's summary judgment and decree of foreclosure makes no reference to the allegation of unconscionability in Steinlages' resistance to the motion. Steinlages did not utilize a motion under Iowa Rule of Civil Procedure 179(b), made applicable to summary judgment by Iowa Rule of Civil Procedure 237(c), but merely filed notice of appeal.

In this appeal Steinlages challenge the summary judgment on the sole ground a material issue of fact exists whether the variable interest rate was unconscionable.

I. The Steinlages' brief in this court assumes unconscionability was in fact an issue between the parties in district court. Unconscionability, however, is a recognized defense to the enforcement of the contract. *Casey v. Lupkes*, 286 N.W.2d 204, 207 (Iowa 1979). Thus, under our rules of civil procedure it must be specially pleaded as an affirmative defense. Iowa R.Civ.P. 101; *see also* Iowa R.Civ.P. 103.

The Steinlages, however, did not plead unconscionability as a defense to the Bank's action. Further, they never sought to amend their answer to assert this defense. Consequently, unconscionability was not an issue and district court had no obligation to consider it. *Colonial Baking Co. v. Dowie*, 330 N.W.2d 279, 283–84 (Iowa 1983); *Graham v. Kuker*, 246 N.W.2d 290, 292 (Iowa 1976).

The record discloses the note Steinlages signed was captioned, in large print, "VARIABLE INTEREST RATE NOTE." Other provisions of the instrument granted the Bank the right to establish a rate of interest higher or lower than the 8¾ percent stated in the note.[1]

It is plain the Steinlages did nothing to support the single-sentence unconscionability claim in their resistance to the motion for summary judgment. There were no allegations of unfair surprise, disparity of bargaining power, lack of notice, or substantive unfairness, much less any affidavits or other evidence to show Steinlages could support such contentions. *See Home Fed. Sav. & Loan Ass'n v. Campney*, 357 N.W.2d 613, 618–19 (Iowa 1984); *C & J Fertilizer, Inc. v. Allied Mut. Ins. Co.*, 227 N.W.2d 169, 181 (Iowa 1975).

II. Nor, even assuming the Steinlages raised the unconscionability issue in the above circumstances, did they file a motion under Iowa Rule of Civil Procedure 179(b), a condition precedent for preserving a "skipped" issue for our review. *See Lamp v. American Prosthetics, Inc.*, 379 N.W.2d 909, 911 (Iowa 1986); *Estate of Grossman v. McCreary*, 373 N.W.2d 113, 114 (Iowa 1985); Iowa R.Civ.P. 237(c).

Ordinarily, contentions and issues must be raised and passed upon by the trial court before they may be raised and decided on appeal. *See State v. Nelson*, 394 N.W.2d 346, 349 (Iowa 1986); *Lamp*, 379 N.W.2d at 911; *State Farm Mut. Auto Ins. Co. v. Pflibsen*, 350 N.W.2d 202, 206–07 (Iowa 1984). We find nothing in this appeal that would make it an exception to the rule. The question whether a material issue of fact existed with respect to the unconscionability of the note was, in our view, neither raised nor resolved in district court. Consequently, we will not consider it here.

The judgment of the district court is affirmed.

AFFIRMED.

---

1. 12 U.S.C. § 2015 provides:

Loans made by a Federal land bank shall bear interest at a rate or rates, and on such terms and conditions, as may be determined by the board of directors of the bank from time to time, with the approval of the Farm Credit Administration as provided in section 2205 of this title. In setting rates and charges, it shall be the objective to provide the types of credit needed by eligible borrowers at the lowest reasonable costs on a sound business basis taking into account the cost of money to the bank, necessary reserve and expenses of the banks and Federal land bank associations, and providing services to stockholders and members. The loan documents may provide for the interest rate or rates to vary from time to time during the repayment period of the loan, in accordance with the rate or rates currently being charged by the bank.

12 U.S.C. § 2015 (1982).