**DENTAL EAST, P.C.,
Plaintiff–Appellant,**

v.

**Fred J. WESTERCAMP, a/k/a Jeffrey Westercamp, Defendant–Appellee.**

No. 87–343.

Court of Appeals of Iowa.

March 9, 1988.

James W. Affeldt, of Eells, Blackstock & Affeldt, Cedar Rapids, for plaintiff-appellant.

Stephen C. Nelson and Steven P. Greiner, of Moyer & Bergman, Cedar Rapids, for defendant-appellee.

Heard by OXBERGER, C.J., and HAYDEN, and SACKETT, JJ.

SACKETT, Judge.

We address issues of a noncompete agreement made between two dentists who were former associates. We determine the trial court erred in determining the agreement to be unenforceable. We reverse and remand.

Plaintiff–Appellant Dental East, P.C., is a professional corporation wholly-owned by Duane Schmidt, a licensed dentist. In 1980 Schmidt and Defendant–Appellee Fred Westercamp commenced practicing dentistry together as individuals. They entered into an agreement that contained the following noncompete clause:

It is understood by all Colleagues [Schmidt and Westercamp] that Dental East owns all patient records that are now in the practice or will come into the practice during the term of this relationship.

Colleagues agree that should they leave this relationship they will not practice within a radius of twenty miles either of Dental East, or of branch offices of Dental East. They further agree that they will, neither by public nor private communications, contact or inform patients of record at Dental East. The terms of this paragraph shall run for two years.

Should a colleague breach this agreement, he will pay Dental East the sum of 40% of whatever production done for a patient of record at Dental East for a period of one year. He further agrees to provide Dental East audit privileges for Dental East's agent for a period of one year, with payment due Dental East, if any, to be paid within a period of one week.

In 1981 both dentists entered into professional corporations. Schmidt formed Dental East, P.C., and Westercamp formed Jeffrey Westercamp, D.D.S., P.C. Each corporation employed the incorporating dentist as the only dentist. The professional corporations entered into an employment agreement mirroring the earlier agreement. There was no language in the new agreement terminating the first agreement. The new agreement contained the same noncompete clauses found in the agreement between Colleagues except the new agreement substituted corporate names for individual names and provided neither the corporation nor its employees would practice within the twenty-mile radius.

Westercamp subsequently notified Schmidt of his desire to terminate their agreement. Since April 1, 1985, Westercamp individually, and not through his professional corporation, has practiced dentistry within one mile of plaintiff's office. Dental East sued Westercamp seeking to enforce the noncompete provisions of both agreements. The matter was tried to the court. The trial court determined the second agreement terminated the first and Jeffrey Westercamp, P.C., was the only entity restricted. The court concluded that because the corporation was not the practicing dentist the agreement had not been violated. The trial court determined Westercamp individually was not limited by the employee language of the second agreement because the agreement was unduly restrictive and unenforceable and prevented Westercamp from practicing dentistry.

Plaintiff appeals contending (1) the trial court erred in finding the second agreement terminated the first, and (2) in determining the noncompete clause was unduly restrictive.

■ The second agreement limited Jeffrey Westercamp, P.C., and its employees. The evidence is uncontroverted that Westercamp was an employee of Jeffrey Westercamp, P.C. Thus we need not address the first issue; both noncompete clauses apply to Westercamp as an individual practitioner.

The issue therefore is whether the agreement is unduly restrictive. The applicable principles were summarized in *Ma & Pa, Inc. v. Kelly*, 342 N.W.2d 500, 502 (Iowa 1984):

> The general rule in Iowa is that we will enforce a noncompetitive provision in an employment contract if the covenant is reasonably necessary for the protection of the employer's business and is not unreasonably restrictive of the employee's rights nor prejudicial to the public interest.... Although we must afford fair protection to the business interests of the employer, the restriction on the employee must be no greater than necessary to protect the employer. Moreover, the covenant must not be oppressive or create hardships on the employee out of proportion to the benefits the employer may be expected to gain.

(quoting *Iowa Glass Depot, Inc. v. Jindrich*, 338 N.W.2d 376, 381 (Iowa 1983)). *See also Dain Bosworth Inc. v. Brandhorst*, 356 N.W.2d 590, 593 (Iowa App. 1984).

■ The employer has the initial burden to show that enforcement of the covenant is reasonably necessary to protect its business. *Iowa Glass Depot*, 338 N.W.2d at 381. *See Ehlers v. Iowa Warehouse Co.*, 188 N.W.2d 368, 373 (Iowa 1971), *modified*, 190 N.W.2d 413 (Iowa 1971). To meet this requirement there must be

> some showing that defendant, when he left plaintiff's employment, pirated or had the chance to pirate part of plaintiff's business; took or had the opportunity of taking some part of the good will of the plaintiff's business, or it can reasonably be expected some of the patrons or customers he served while in plaintiff's employment will follow him to the new employment.

*Id.* (citation omitted).

■ Neither noncompetition clause prevents Westercamp from practicing dentistry. Neither agreement penalized Westercamp for performing dental services on persons who had not been patients. Nothing in the agreements limited Westercamp after two years. Nothing in the agreements limited Westercamp beyond a twenty mile radius of Dental East. Nothing in either agreement prevented Westercamp from practicing dentistry anywhere. The agreements merely provided partial compensation (40 percent of production done) be paid for services performed for a period of one year on persons who had been patients of record at Dental East.

We consider cases where restrictions have been found valid. *Farm Bureau Serv. Co. v. Kohls*, 203 N.W.2d 209, 212 (Iowa 1972) (employee restricted from competing within six townships and for one year); *Ehlers*, 188 N.W.2d at 374, (employee enjoined from contacting any of employer's customers for two years); *Orkin Exterminating Co. v. Burnett*, 259 Iowa 1218, 1229, 146 N.W.2d 320, 327 (1967) (employee restrained from business within ten miles for three years); *Cogley Clinic v. Martini*, 253 Iowa 541, 550, 112 N.W.2d 678, 682–83 (1962) (doctor restrained from practice within twenty-five miles and three years); *Federated Mut. Implement & Hardware Ins. Co. v. Erickson*, 252 Iowa 1208, 1216, 110 N.W.2d 264, 268 (1961) (employee barred from engaging in similar work in three counties for a period of two years).

Westercamp, during his association with Schmidt and Dental East obviously obtained access to the names of Dental East's patients, its method of operation and its business techniques. It was reasonable for plaintiff to seek to protect these business records. *See Ehlers*, 188 N.W.2d at 373.

We determine the covenant to be enforceable. We reverse and remand to the trial court with directions to order Westercamp to produce patient production records for the period of April 1, 1985, to March 31, 1986, to make such further orders as are necessary to determine the amount due under the covenant, and to enter judgment accordingly.

REVERSED AND REMANDED.