**RASMUSSEN HEATING & COOLING, INC., and Lakeside Lifts, Inc., Plaintiffs–Appellees/Cross–Appellants,**

v.

**Donald IDSO and Bonnie Idso, Defendants–Appellants/Cross–Appellees.**

No. 89–674.

Court of Appeals of Iowa.

Sept. 26, 1990.

Richard J. Barry of Greer, Montgomery, Barry & Bovee, Spencer, for defendants-appellants/cross-appellees.

David J. Stein, Milford, for plaintiffs-appellees/cross-appellants.

Heard by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

OXBERGER, Chief Judge.

Bonnie and Donald Idso and Jerry Danbom owned Lakeside Lifts, a corporation which builds and sells boat hoists. In 1982 the Idsos sold their share of the business to the Rasmussens pursuant to a stock purchase agreement which contained a covenant prohibiting the Idsos from engaging

in a business "similar to" Lakeside Lifts for a period of ten years. After the sale, the Idsos opened a welding shop near Lakeside Lifts. In 1986, the Idsos built a 4,000 pound boat hoist for Tom Clary, Danbom's competitor. This hoist became a prototype for multiple hoists built by Idso for Clary in 1987 and 1988. The trial court found that Idso began actually manufacturing and selling new hoists in 1987. Lakeside Lifts and the Rasmussens sued the Idsos. The district court entered judgment against the Idsos and enjoined them from building hoists with a capacity in excess of 1,500 pounds. The Idsos appeal and Lakeside Lifts and the Rasmussens cross-appeal.

We reverse.

Jerry Danbom manufactured and sold boat hoists in the Iowa Great Lakes area. The business was known as Danbom Lakeside Engineering, Inc. Donald Idso began working for Danbom in 1975. In 1979 Danbom and the Idsos formed Lakeside Lifts, Inc. for the purpose of manufacturing and selling boat hoists. Lakeside Lifts purchased the hoist business from Danbom Lakeside Engineering. The Idsos owned 53.8% of the stock in Lakeside Lifts, and Danbom owned the remaining 46.2% of the stock. Danbom Lakeside Engineering signed a ten year noncompetitive agreement.

In 1982 the Idsos and Danbom were not getting along. Danbom proposed that the Idsos sell their interest in Lakeside Lifts to Bruce Rasmussen, Danbom's brother-in-law. The Idsos sold their stock in Lakeside Lifts to Rasmussen Heating & Cooling, Inc., for $10,000, pursuant to a stock purchase agreement. The agreement contained a clause that prevented the Idsos from engaging in a business "similar to the Business hereby sold" in twelve listed states for a period of ten years.

The Idsos opened a welding shop a few blocks away from Lakeside Lifts. From 1982 to 1985, the Idsos did general welding work, including repairing and rebuilding boat hoists. In 1986, Tom Clary began ordering custom built boat hoists from the Idsos. Clary is a barge operator, installer and remover of boat hoists, and a direct competitor of Danbom's Lakeside Engineering.

In 1987, Lakeside Lifts and the Rasmussens sued the Idsos for damages caused by the Idsos' breach of the noncompetition covenant and for an injunction prohibiting the Idsos from engaging in building and selling boat hoists. Following a four-day bench trial, the district court entered judgment in favor of Lakeside Lifts for $3,439.51 plus interest. The court also enjoined the Idsos from manufacturing or fabricating new boat hoists of capacity in excess of 1,500 pounds, either for inventory or on a custom order. The Idsos appeal and Lakeside Lifts cross-appeals.

The Idsos contend that they did not violate the noncompetition covenant because they do not engage in a business similar to Lakeside Lifts. They contend that they only custom built boat hoists, unlike Lakeside Lifts which manufactures hoists for inventory and sale. The Idsos further claim that the covenant is unenforceable because its duration is unreasonable and it is not needed to protect Lakeside Lifts' business. The Idsos also assert that Lakeside Lifts was not an intended beneficiary of the stock purchase agreement.

On cross-appeal, Lakeside Lifts requests this court expand the injunction to prohibit the Idsos from building hoists of capacity less than 1,500 pounds, repairing hoists, and rebuilding hoists. Lakeside Lifts also contends that it is entitled to a greater damage award, more trial attorney fees, and appellate attorney fees.

 In this equity action, our review is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

The Idsos contend, inter alia, that the covenant is unenforceable because the duration is unreasonable. We agree. An examination of recent Iowa cases reveals that our Supreme Court has not enforced a covenant that extended beyond five years. Typically, the duration of a disputed covenant ranges from two years to three years.

See, *Ehlers v. Iowa Warehouse Company,* 188 N.W.2d 368 (Iowa 1971) (two years); *Farm Bureau Service Co. of Maynard v. Kohls,* 203 N.W.2d 209 (Iowa 1972) (two years); *Tasco Inc. v. Winkel,* 281 N.W.2d 280 (Iowa 1979) (one year); *Iowa Glass Depot, Inc. v. Jindrich,* 338 N.W.2d 376 (Iowa 1983) (three year covenant; court refused to enforce beyond eleven months); *Ma & Pa Inc. v. Kelly,* 342 N.W.2d 500 (Iowa 1984) (three years); *Dain Bosworth Inc. v. Brandhorst,* 356 N.W.2d 590 (Iowa App.1984) (ninety days); and *Dental East, P.C. v. Westercamp,* 423 N.W.2d 553 (Iowa App.1988) (two years).

The Idsos did not begin involvement in the production of boat hoists until five years after the sale of their interest in Lakeside Lifts. "('We start with the basic tenets that restraints on competition and trade are disfavored in the law.')" *Lamp v. American Prosthetics, Inc.,* 379 N.W.2d 909, 911 (Iowa 1986) "Covenants not to compete are unreasonably restrictive unless they are tightly limited as to both time and area." *Pathology Consultants v. Gratton,* 343 N.W.2d 428, 434 (Iowa 1984). It must also be reasonably necessary for the protection of the business. *Lamp,* 379 N.W.2d at 910. A ten-year covenant is neither tightly time limited nor reasonably necessary for the protection of the business. The five years between the sale and Idsos present business activity allowed the Rasmussens ample time and opportunity to succeed. Any further restrictions would be unduly burdensome.

Since we have decided that the covenant not to compete was unduly burdensome, the Rasmussens' cross-appeal requesting we further expand the trial court's injunction to hoists of capacity less than 1,500 pounds, increase their damage award, and provide for attorney fees is denied.

REVERSED.

HAYDEN, J., concurs.

SACKETT, J., dissents.

SACKETT, Judge (dissenting).

I dissent. The trial court reached a fair result. I would affirm on all issues.