_____

No. 95-3764
_____

Linda Adam-Mellang,                    *
                                       *
     Plaintiff-Appellant,              *
                                       *  Appeal from the United States
     v.                                *  District Court for the
                                       *  District of Minnesota.
Apartment Search, Inc.;                *
William Deters,                        *
                                       *
     Defendants-Appellees.             *

_____

                     Submitted:  June 10, 1996

                         Filed:  September 17, 1996
                     _____

Before BOWMAN, LAY, and LOKEN, Circuit Judges.
                     _____

LOKEN, Circuit Judge.

     This is an interlocutory appeal from the denial of a preliminary
injunction.  Linda Adam-Mellang commenced this action seeking, *inter alia*,
the involuntary dissolution of her employer, Apartment Search, Inc., on the
grounds that Apartment Search and its chief executive officer, William
Deters, have engaged in on-going sex and age discrimination in violation
of federal and Minnesota law.  Apartment Search promptly removed Adam-
Mellang from its board of directors and placed her on "unpaid
administrative leave."  Adam-Mellang appeals the district court's[1] denial
of a preliminary injunction reversing those actions.  Concluding that she
has failed to prove irreparable injury, we affirm.

_____

     [1]The HONORABLE RICHARD H. KYLE, United States District Judge
for the District of Minnesota.

After fifteen years with Apartment Search, Adam-Mellang had risen to the rank of General Manager of its Twin Cities office. She was also a member of the company's Board of Directors and owned 2.7 percent of the outstanding shares of this closely held corporation. In August 1995, she complained to Deters that recent salary and stock option decisions reflected a pattern of unlawful discrimination. When Deters did not respond to this complaint to her satisfaction, she commenced this action.

Three factual aspects of this case frame the preliminary injunction issues. First, Adam-Mellang's Complaint includes a request that Apartment Search be involuntarily dissolved pursuant to Minn. Stat. § 302A.751 because the company's sex and age discrimination have prejudiced Adam-Mellang "in her capacity as a shareholder, director and employee." On September 28, 1995, after the Complaint was filed, Apartment Search's Board of Directors passed a series of resolutions declaring that Adam-Mellang had breached her fiduciary duty to the corporation by seeking its dissolution and now had a conflict of interest with her employer. On October 23, after the district court had denied Adam-Mellang's motion for a preliminary injunction, the Board placed her "on administrative leave with benefits but without compensation." On October 27, the corporation's shareholders removed her from the Board of Directors.

Second, defendants admit that Adam-Mellang was removed from the Board of Directors and placed on unpaid administrative leave because she filed a lawsuit demanding that the company be involuntarily dissolved. If these actions constitute unlawful retaliation under state or federal law -- a question the district court considered "close" -- retaliation need not be inferred. It has been admitted.

Third, Adam-Mellang's verified Complaint alleged that defendants have also discriminated against the other female member of Apartment Search's Board, Patricia Hovland. In her affidavit in support of a preliminary injunction, Adam-Mellang further alleged that Hovland initially agreed they were both being treated unfairly, but that Hovland now refuses to speak to Adam-Mellang's attorney. Therefore, Adam-Mellang concluded, "I believe that Deters and Apartment Search have subjected Hovland to the same intimidation to which they have subjected me in order to chill and discourage her from being a participant or witness in this case."

In opposing the motion for preliminary injunction, defendants submitted Hovland's lengthy affidavit denying that she has been the victim of sex or age discrimination, denying Adam-Mellang's allegations of specific discriminatory or retaliatory employment actions, and stating that Hovland could not support Adam-Mellang's claims of sex and age discrimination in the Apartment Search workplace. Adam-Mellang's attorneys argue that Hovland's affidavit demonstrates that she has been intimidated by the retaliatory actions taken against Adam-Mellang. However, Adam-Mellang submitted no factual response to the Hovland affidavit, and the district court found this affidavit "credible."

Before denying Adam-Mellang's motion for a preliminary injunction, the district court properly examined the four factors to be weighed in deciding whether to grant or deny a preliminary injunction -- "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc). The court concluded that Adam-Mellang has not met her burden of proof on the first three factors and that the public interest "does not weigh heavily either for or against issuance of the preliminary injunction."

-3-

Because "the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction," we only address that issue. Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987); see Dataphase, 640 F.2d at 114 n.9.

## II.

"The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-07 (1959). Adam-Mellang argues that she proved sufficient threat of irreparable injury because of (1) her placement on unpaid administrative leave, (2) her removal from the Apartment Search Board of Directors, and (3) the chilling effect that defendants' unrestrained retaliation will have on other claimants and witnesses, particularly Patricia Hovland. We examine each of those contentions in turn.

(1) Adam-Mellang's loss of income from being placed on administrative leave is not irreparable injury because she has an adequate remedy at law, namely, the damages and other relief to which she will be entitled if she prevails in this action. When a terminated employee sues for wrongful discharge, her "temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." Sampson v. Murray, 415 U.S. 61, 90 (1974). In Sampson, the Supreme Court acknowledged that a discharged employee might be entitled to a preliminary injunction in a "genuinely extraordinary situation" but stated that a satisfactory showing of loss of income coupled with damage to reputation "falls far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction in this type of case." Id. at 91-92 & n.68. In this case, even assuming that Adam-Mellang's placement on administrative leave is comparable for these purposes to a discharge, she has not shown

-4-

that this is a "genuinely extraordinary situation" for which she has no adequate remedy at law.

(2) Adam-Mellang places greater emphasis on her removal from the Apartment Search Board of Directors, arguing that removal causes her irreparable injury because it deprives her of a voice in management, precludes her from examining corporate books and records, and leaves her with no way to protect her ownership interest in the company. In rejecting this contention, the district court commented, "Adam-Mellang's position revolves around a paradox:  she would like to remain as an employee and a director of a corporation which she wishes to dissolve and liquidate."  The court concluded that the civil rights laws are not "designed or intended to force a corporation to keep as a director or even a person in senior management [an] employee [who] is bringing an action to dissolve the corporation."  We agree.

Adam-Mellang relies primarily on cases in which minority shareholders and directors have been granted preliminary injunctive relief against corporate actions by those with a controlling interest in the corporation, such as AHI Metnall v. J.C. Nichols Co., 891 F. Supp. 1352 (W.D. Mo. 1995); Davis v. Rondina, 741 F. Supp. 1115 (S.D.N.Y. 1990); and Street v. Vitti, 685 F. Supp. 379 (S.D.N.Y. 1988).  The preliminary injunctive relief in those cases was based upon irreparable injury to rights arising under corporate law, or to contractual rights under a shareholders' agreement.  Here, corporate and contract law provide no basis for such relief.  Adam-Mellang has no right to remain on the Apartment Search Board of Directors.  Her removal is not alleged to be contrary to corporate law, a shareholders' agreement, or a governing corporate instrument.  And she has not explained how removal from the Board

of Directors will irreparably injure her position as a minority shareholder.[2]

The issue, then, is whether plaintiff's removal from a board of directors is irreparable injury in an employment discrimination or retaliation lawsuit. In this regard, as Adam-Mellang shifts the injury focus from her role as employee to her role as a member of the Apartment Search Board of Directors, her claim for protection under employment discrimination laws weakens. See, e.g., Chavero v. Local 241, Amalgamated Transit Union, 787 F.2d 1154, 1157 (7th Cir. 1986). That being so, removal from the board of directors simply cannot be the type of "genuinely extraordinary situation" in which a discharged employee is entitled to preliminary injunctive relief in this type of case, at least in the absence of additional claims of corporate mismanagement or breach of duty that would, standing alone, warrant such relief. In this case, corporate law considerations counsel *against* preliminary injunction relief. As the district court put it, "Apartment Search [has] a legitimate business purpose in removing such an important employee from the active business of the company, when the employee (and director) wishes to close the company down by the force of the law."

(3) Finally, Adam-Mellang argues that placing her on unpaid administrative leave and removing her from the Board of Directors was such clear retaliation for her assertion of sex and age discrimination claims that, unless enjoined, it will chill other Apartment Search employees, particularly Patricia Hovland, from asserting their statutory rights or appearing as witnesses in this case. A number of circuits have concluded that the chilling effect of unrestrained retaliation can be irreparable injury justifying a preliminary injunction. However, those courts have uniformly held

---

[2]There is no by-law or agreement requiring Adam-Mellang to sell her stock upon removal from the Board. She retains rights as a shareholder to inspect corporate books and records. See Minn Stat. § 302A.461.

-6-

that a chilling effect of this nature will not be presumed. It is an issue of fact that the employee seeking a preliminary injunction must prove. See Marxe v. Jackson, 833 F.2d 1121, 1126 (3d Cir. 1987); Garcia v. Lawn, 805 F.2d 1400, 1405-06 (9th Cir. 1986); Holt v. Continental Group, Inc., 708 F.2d 87, 91 (2d Cir. 1983), cert. denied, 465 U.S. 1030 and 465 U.S. 1038 (1984). We agree.

In this case, the district court specifically rejected Adam-Mellang's assertion that Hovland has been intimidated as having "no basis in the record." On appeal, Adam-Mellang relies entirely on the argument that Hovland's "change of position" after Adam-Mellang filed suit demonstrates that Hovland has been chilled. But the facts of record do not support that contention. The minutes of the September 28 Board meeting reflect that it was Hovland who moved for adoption of a resolution declaring "that there was no discrimination against [Adam-Mellang] by the corporation through any of its agents." Hovland's lengthy, unchallenged affidavit explains in detail the evolution of what Adam-Mellang chooses to call a change of position. In these circumstances, while we agree with other courts that retaliation claims create an environment in which employee intimidation may occur, we agree with the district court that Adam-Mellang has failed to prove this kind of irreparable injury.

We conclude that the district court did not abuse its discretion in denying Adam-Mellang's motion for a preliminary injunction. See Stuart Hall Co. v. Ampad Corp., 51 F.3d 780, 784 (8th Cir. 1995) (standard of review). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.