# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2417
_____

Bandag, Incorporated,                          *
                                               *
    Plaintiff - Appellant,             *
                                               *   Appeal from the United States
    v.                                 *   District Court for the
                                               *   Southern District of Iowa.
Jack's Tire & Oil, Inc.,                       *
                                               *   **[TO BE PUBLISHED]**
    Defendant - Appellee.              *

_____

Submitted:  July 13, 1999

Filed:  September 3, 1999
_____

Before RICHARD S. ARNOLD, BRIGHT, and LOKEN, Circuit Judges.
_____

PER CURIAM.

Bandag, Incorporated, appeals the district court's[1] denial of a preliminary injunction requiring a former Utah franchisee, Jack's Tire & Oil, Inc., to keep its promise not to compete for one year following termination of its Bandag franchise. Concluding that Bandag failed to demonstrate irreparable injury, we affirm.

_____

[1]The HONORABLE CHARLES R. WOLLE, United States District Judge for the Southern District of Iowa.

Bandag introduced its pre-cure method for retreading tires in 1957 and today is a major international competitor in the tire retreading industry. In this country, Bandag markets its products and services in part through a network of some three hundred independent franchisees. Bandag franchisees use the Bandag pre-cure method of manufacturing retreads and service Bandag's national fleet accounts as well as their own local customers.

Jack's has offered a wide array of tire services since 1940, including new tire and wheel sales, tire balancing, and repairs. Jack's became a Bandag franchisee in 1972. The 1978 franchise agreement gave Jack's the exclusive right to manufacture Bandag retreads in the two-county area surrounding Logan, Utah. In the covenant now at issue, Jack's agreed that if either party terminated the agreement Jack's would not use the "pre-cast or pre-cured tread rubber" method of retreading tires in this territory for one year.

In 1997, two Bandag-owned retreading shops began operating in Utah. Jack's responded by commencing talks with Michelin, Jack's largest supplier of new tires, about the possibility of converting Jack's retreading operations to Michelin's pre-mold method. In March 1999, Jack's informed Bandag of its intent to terminate the franchise relationship. The following month, when Jack's and two affiliates in other locations started up as Michelin retreading distributors, Bandag commenced this lawsuit to enforce the covenant not to compete in Logan. Bandag's agreements with the other two Jack's affiliates did not contain such covenants, so only Jack's activities in Logan are at issue. On May 14, following an evidentiary hearing, the district court denied Bandag's motion for a preliminary injunction and set the case for trial on September 13, 1999. Bandag appealed. We have jurisdiction to review an interlocutory order denying a preliminary injunction. See 28 U.S.C. § 1292(a)(1). We granted Bandag's motion for expedited review.

We review the denial of a preliminary injunction for abuse of discretion. See Kirkeby v. Furness, 52 F.3d 772, 774 (8th Cir. 1995). In deciding a preliminary injunction motion, the district court weighs (1) the threat of irreparable harm to the moving party; (2) the movant's likelihood of success on the merits; (3) the balance between the harm to the movant if the injunction is denied and the harm to other parties if the injunction is granted; and (4) the public interest. See Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). These factors are not a rigid formula. However, "[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-07 (1959). Thus, to warrant a preliminary injunction, the moving party must demonstrate a sufficient threat of irreparable harm. See Adam-Mellang v. Apartment Search, Inc., 96 F.3d 297, 299 (8th Cir. 1996).

On appeal, Bandag argues that, absent a preliminary injunction enforcing the covenant not to compete, it faces irreparable harm because Jack's is "poised to convert" existing Bandag customers to Michelin. In addition, Bandag argues that it will have difficulty serving its national fleet accounts in sparsely populated northern Utah, and that Jack's breach of the non-compete clause, unless enjoined, will weaken Bandag's entire franchise system.

Given the wide array of products and services that Jack's offers in addition to retreading, and the goodwill Jack's developed before becoming a Bandag franchisee, Bandag has failed to show that Jack's post-termination competition will deprive Bandag of customer loyalties *it* has earned, as opposed to simply maintaining customer loyalties *Jack's* has earned. On the other hand, the ability to service national fleet accounts is an important part of Bandag's goodwill, but Bandag has failed to show that it is presently unable to provide emergency services to those customers from its company-owned and other franchised operations located in Ogden and Pocatello, Utah, some thirty miles from the Logan area. Finally, Bandag's contention that failure to enjoin Jack's defection will irreparably injure its entire franchise system is belied by

the fact that Bandag has not included such covenants in many of its franchise agreements, including its agreements with two Jack's affiliates. Compare Casey's Gen. Stores, Inc. v. Campbell Oil Co., Inc. 441 N.W.2d 758, 761 (Iowa 1989). On this record, we conclude the district court did not abuse its discretion when it concluded that "[a]ny harm Bandag sustains between now and a September trial will adequately be compensated by an award of damages and permanent injunction."

The order of the district court denying Bandag's motion for a preliminary injunction is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.