# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-3241

———————

| | | |
|---|---|---|
| Douglas K. Skokos, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| City of Fort Smith, Arkansas, doing | * | |
| business as Fort Smith Police | * | **[UNPUBLISHED]** |
| Department; Bruce Rhoades, Sebastian | * | |
| County Prosecutor, in his official | * | |
| capacity, | * | |
| | * | |
| Appellees. | * | |

———————

Submitted: June 26, 2003
Filed: July 10, 2003

———————

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

———————

PER CURIAM.

Douglas K. Skokos (Skokos) appeals the district court's[1] order denying his motion for a preliminary injunction. Upon careful review, we conclude the district

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas.

court did not abuse its discretion in denying Skokos's motion based on his failure to meet the factors set out in <u>Dataphase Sys., Inc. v. C L Sys., Inc.</u>, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).  <u>See</u> <u>Bandag, Inc. v. Jack's Tire & Oil, Inc.</u>, 190 F.3d 924, 926 (8th Cir. 1999) (per curiam) (standard of review).  We reject Skokos's arguments: (1) it was not improper for the court to consider the applicability of <u>Younger</u>[2] abstention in assessing Skokos's likelihood of success on the merits under <u>Dataphase</u>, <u>cf.</u> <u>Dataphase</u>, 640 F.2d at 113 (court's approach to issue of success on merits must be flexible enough to encompass particular circumstances of each case), (2) the district court did not err in abstaining, although the pending state action was filed eleven days after the federal case was filed, <u>cf.</u> <u>Hicks v. Miranda</u>, 422 U.S. 332, 349 (1975) (<u>Younger</u> applies when state criminal proceedings are initiated against federal plaintiffs after federal complaint is filed, but before substantial proceedings on the merits have taken place in federal court), and (3) the district court did not improperly refuse to consider relevant evidence or make unsupported factual findings, <u>see</u> <u>Jackson v. Fair</u>, 846 F.2d 811, 819 (1st Cir. 1988) (evidentiary hearing is not needed in cases depending solely on legal issues).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]<u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971).